IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11cv279

| | | |
|---|---|---|
| STEPHEN GAINEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ALLIANCE ONE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court *sua sponte*.

In this action, filed October 20, 2011, the Plaintiff sought relief pursuant to the Fair Debt Collection Act, 15 U.S.C. §§1692, *et. seq*. [Doc. 1]. At the time the action was brought, the Plaintiff was represented by counsel. The Defendant answered, denying any culpability, and a Pre-Trial Order and Case Management Plan was entered on March 21, 2012. [Doc. 5, Doc. 8].

On May 24, 2012, the Plaintiff's attorney, Christopher Lane, moved for leave to withdraw. [Doc. 10]. As grounds, the attorney stated that the "Plaintiff has been unresponsive to the undersigned's repeated requests for assistance prosecuting the instant case." [Id. at 1]. Counsel noted that without assistance from the Plaintiff, he was unable to pursue the Plaintiff's claims. [Id.]. The motion was granted by Magistrate Judge Dennis L. Howell. [Doc. 11]. In his Order, Magistrate Judge Howell instructed the Plaintiff to advise the Court in

writing within twenty days whether he intended to prosecute the case *pro se* or intended to retain new counsel. [Id.].  The Plaintiff never filed response to the Order.

On July 12, 2012, the Defendant moved to compel the Plaintiff to respond to its discovery requests, noting that the Plaintiff had been both non-responsive and non-compliant. [Doc. 12].  Defense counsel noted in that motion that it could not defend the allegations of the Complaint without discovery.  [Id.].  Counsel also pointed out that the Plaintiff had failed to respond to the Magistrate Judge's Order requiring him to advise whether he intended to proceed *pro se*. [Id.].

On August 9, 2012, Magistrate Judge Dennis L. Howell granted the Defendant's Motion to Compel and ordered the Plaintiff to produce all documents responsive to the Defendant's Request for Production of Documents within twenty days of entry of his Order. [Doc. 14].  The Plaintiff was advised by the Magistrate Judge that his failure to comply with the Order could result in a recommendation that this action be dismissed for failure to prosecute. [Id. at 3].  The Magistrate Judge declined to make an award of costs against the Plaintiff. [Id.].

On August 30, 2012, the Defendant notified the Court that the Plaintiff failed to comply with the Magistrate Judge's Order. [Doc. 15].  The Defendant

2

still had not received any responses to its discovery requests and, thus, the Plaintiff had continued his refusal to engage in discovery. The Defendant asked that this Court grant the relief sought in the Motion to Compel. [Id. at 2]. The Magistrate Judge, however, has previously ruled on that motion and this Court will not re-visit that ruling at this time. The Defendant also asked that the action be dismissed for failure to comply with the Magistrate Judge's Order. [Id.].

On August 31, 2012, the Magistrate Judge addressed the Defendant's Notice of Failure to Comply with Order Compelling Discovery and, again, instructed the Plaintiff as to his duty to respond to discovery. [Doc. 16]. He also warned the Plaintiff that failure to comply with previous Court orders could result in the dismissal of this action. [Id.]. The Court will therefore request the Defendant to advise whether the Plaintiff has complied or otherwise acted in response to that Order.

**IT IS, THEREFORE, ORDERED** that on or before five (5) business days from entry of this Order, the Defendant shall advise the Court in writing of the status of this action.

Signed: September 18, 2012

Martin Reidinger
United States District Judge