IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv279

| | | |
|---|---|---|
| STEPHEN GAINEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ALLIANCE ONE, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Sanctions and Dismissal pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure [Doc. 19].

## PROCEDURAL HISTORY

In this action, filed October 20, 2011, the Plaintiff sought relief pursuant to the Fair Debt Collection Act, 15 U.S.C. §§1692, *et. seq*. [Doc. 1]. At the time the action was brought, the Plaintiff was represented by counsel. The Defendant answered, denying any culpability, and a Pre-Trial Order and Case Management Plan was entered on March 21, 2012. [Doc. 5, Doc. 8].

On May 24, 2012, the Plaintiff's attorney, Christopher Lane, moved for leave to withdraw. [Doc. 10]. As grounds, the attorney stated that the "Plaintiff

has been unresponsive to the undersigned's repeated requests for assistance prosecuting the instant case." [Id. at 1]. Counsel noted that without assistance from the Plaintiff, he was unable to pursue the Plaintiff's claims. [Id.]. The motion was granted by Magistrate Judge Dennis L. Howell. [Doc. 11]. In his Order, Magistrate Judge Howell instructed the Plaintiff to advise the Court in writing within twenty days whether he intended to prosecute the case *pro se* or intended to retain new counsel. [Id.]. The Plaintiff never filed response to the Order.

On July 12, 2012, the Defendant moved to compel the Plaintiff to respond to its discovery requests, noting that the Plaintiff had been both non-responsive and non-compliant. [Doc. 12]. Defense counsel noted in that motion that it could not defend the allegations of the Complaint without discovery. [Id.]. Counsel also pointed out that the Plaintiff had failed to respond to the Magistrate Judge's Order requiring him to advise whether he intended to proceed *pro se*. [Id.].

On August 9, 2012, Magistrate Judge Dennis L. Howell granted the Defendant's Motion to Compel and ordered the Plaintiff to produce all documents responsive to the Defendant's Request for Production of Documents within twenty days of entry of his Order. [Doc. 14]. The Plaintiff

2

was advised by the Magistrate Judge that his failure to comply with the Order could result in a recommendation that this action be dismissed for failure to prosecute. [Id. at 3]. The Magistrate Judge declined to make an award of costs against the Plaintiff. [Id.].

On August 30, 2012, the Defendant notified the Court that the Plaintiff failed to comply with the Magistrate Judge's Order. [Doc. 15]. The Defendant still had not received any responses to its discovery requests and, thus, the Plaintiff had continued his refusal to engage in discovery. The Defendant asked that this Court grant the relief sought in the Motion to Compel. [Id. at 2]. The Magistrate Judge, however, has previously ruled on that motion and this Court will not re-visit that ruling at this time. The Defendant also asked that the action be dismissed for failure to comply with the Magistrate Judge's Order. [Id.].

On August 31, 2012, the Magistrate Judge addressed the Defendant's Notice of Failure to Comply with Order Compelling Discovery and, again, instructed the Plaintiff as to his duty to respond to discovery. [Doc. 16]. He also warned the Plaintiff that failure to comply with previous Court orders could result in the dismissal of this action. [Id.].

On September 20, 2012, this Court requested the Defendant to advise

whether the Plaintiff had complied with prior court orders. [Doc. 17]. By virtue of a Status Report as well as the pending motion, the Defendant has advised that the Plaintiff remains non-communicative and non-compliant. [Doc. 18, Doc. 19].

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that an action may be dismissed if the plaintiff fails to prosecute or to comply with a court order. Fed.R.Civ.P. 41(b). Likewise, Federal Rule of Civil Procedure 37(b)(2)(A)(v) provides that the court may dismiss an action if a party fails to obey an order to provide or permit discovery.[1] Fed.R.Civ.P. 37(b)(2)(A)(v).

> The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. In this case, [the Plaintiff] failed to respond to a specific directive from the court.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.), cert. denied 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990). When the Court has issued an explicit warning that continued failure to comply could result in dismissal, this is a

---

[1] The "legal standard for dismissal under Rule 37 is virtually the same as that for dismissal [for failure] to prosecute." Carter v. University of West Virginia System, 23 F.3d 400 **2 (4th Cir. 1994). One technical distinction is the requirement under Rule 37 that a finding be made as to the bad faith of the non-compliant party. While bad faith might be presumed from the Plaintiff's complete failure to respond, the Court will dismiss this action pursuant to Rule 41 so as to avoid the necessity of any such presumption.

4

critical fact which supports the Court's discretion to dismiss. Id. at 96. In considering whether dismissal pursuant to Rule 41(b) is appropriate, the Court reviews four factors: (1) personal responsibility of the plaintiff; (2) prejudice to the defendant; (3) a history of deliberately proceeding in a dilatory manner; and (4) less drastic sanctions than dismissal. Id.

Here, there is no doubt that the responsibility for the failure to prosecute lies solely with the Plaintiff as he elected to proceed *pro se*. Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Inabinet v. Tex-Cap Elec., Inc., 2011 WL 6965739 **2 (D.S.C. 2011). The Defendant has also noted the prejudice caused by the Plaintiff's complete failure to prosecute and to comply with court directives; that is, it cannot defend itself. Chandler, 669 F.2d at 920. "[A] defendant cannot be expected to defend a case where the person bringing the action refuses to participate in the discovery process." Ellis v. Wal-Mart Distribution, 2011 WL 3804233 **2 (W.D.N.C. 2011).

The Defendant has incurred additional attorney's fees in an attempt to obtain responses to discovery in a case which the Plaintiff appears to have abandoned. Inabinet, 2011 WL 6965739; Whittemore v. Astrue, 2011 WL 6819089 (D.S.C. 2011). The expense of attorney's fees incurred because a plaintiff refuses to participate in discovery constitutes prejudice. Ellis, 2011

5

WL 3804233.

The Plaintiff has shown a history of deliberately proceeding in a dilatory fashion; indeed, his own attorney sought and obtained leave to withdraw based on that very conduct. Chandler, 669 F.2d at 920. "[E]ven *pro se* litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'" Dancy v. Univ. of N.C. at Charlotte, 2009 WL 2424039 **2 (W.D.N.C. 2009) (quoting Ballard, 882 F.2d at 96). And, in view of the fact that the Plaintiff has been warned on more than one occasions that his action could be dismissed, this Court has "little other alternative to dismissal. Any other course would ... place[] the credibility of the court in doubt and invite[] abuse." Ballard, 882 F.2d at 96. Thus, a less drastic sanction than dismissal is not warranted. Id.; Anderson v. Foundation for Adv., Educ. & Emp't of Amer. Indians, 155 F.3d 500, 505 (4th Cir. 1998). Indeed, the "plaintiff's failure to abide by the orders of this Court is behavior that warrants deterrence" and "the court concludes the plaintiff has abandoned this lawsuit." Silvious v. RR Donnelley & Sons, 2011 WL 3846775 **3 (W.D.Va. 2011).

The Court therefore finds that this action should be dismissed for failure to prosecute and to comply with Court Orders.

6

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Sanctions and Dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure [Doc. 19] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Sanctions and Dismissal pursuant to Rules 37 is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is hereby **DISMISSED** with prejudice.

Signed: September 27, 2012

Martin Reidinger
United States District Judge